**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SOMALTUS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| UNIVERSAL POWER GROUP | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Somaltus LLC ("Plaintiff" or "Somaltus") files this Complaint against Universal Power Group ("Defendant" or "UPG") for infringement of United States Patent No. 7,657,386 (hereinafter "the '386 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034.

4.      On information and belief, Defendant is a Texas corporation having a place of business at 488 S Royal Ln, Coppell, TX 75019.  On information and belief, Defendant may be served by serving its registered agent for service, CT Corporation System, 1999 Bryan St, Ste

900, Dallas, TX 75201.

5.     This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.  Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

6.     Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District.  Further, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,657,386)

7.     Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

9.     Plaintiff is the owner by assignment of the '386 Patent with sole rights to enforce the '386 patent and sue infringers.

10.     A copy of the '386 Patent, titled "Integrated Battery Service System," is attached hereto as Exhibit A.

11.     The '386 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.     Upon information and belief, Defendants have infringed and continue to infringe one or more claims, including at least Claim 8, of the '386 Patent by making, using, importing,

selling, and/or offering for sale battery charging devices covered by one or more claims of the '386 Patent.

13.     Defendants sell, offer to sell, and/or use power generation systems including, without limitation, the 24v 8 amp Premium Quality Heavy Duty XLR 3-pin off-board Sealed AGM, GEL Universal 24BC8000T-1 battery charger (the "Product"), for example, and any similar devices, which infringe at least Claim 8 of the '386 Patent.

14.     The Product controls charge signals when it charges batteries.  For example, publicly available information at

https://www.techbatterysolutions.com/v/vspfiles/assets/images/71748.pdf

and at

https://www.amazon.com/Universal-24BC8000T-1-24BC8000T-2-Wheelchair-Power/dp/B00HGFYKX0/

 indicates that the Product is a "3 stage Smart Charger with Automatic shut-off [which] has Overcharge Protection."  The information further indicates that the Product has "Fast Charge," "Top Charging," and "Full Charge/Float" modes. Providing these multiple different charging modes dictates that charge signals are controlled by the Product.

15.     The functionality of the Product includes detecting a current battery output level of the battery.  For example, the Product indicates the charge state and charging is shut off when the battery is fully charged.  The Product also switches from "fast charge" to "top charging" to "float" modes.  To provide this functionality, the Product has to detect the current battery output level.  This functionality is described in the product literature regarding the Product.

16.     The Product also accesses a target charge level.  For example, to stop charging, or to switch to between fast charge, top charging, and float modes, and/or to indicate charge

status, the Product must access a target charge level (e.g., fully charged).

17.    The Product compares the current battery output level and the target charge level. For example, in order to stop charging and/or switch between charging modes, the Product must compare the current battery output level to the target level.

18.    The Product alters a charge signal by adjusting an on/off period of an AC power source to a transformer coupled to the battery.  For example, the Product includes a transformer, which is coupled to an AC power source.  The Product is coupled to a battery for charging.  The Product "alters the charge signal by adjusting an on/off period" by, for example, turning off the AC power source to the coupled battery once the battery is fully charged.  Also, when the battery's charge level falls below a certain point, the Product alters the charge signal by adjusting the on/off period by turning on the AC power source to the coupled battery.  Further, the Product alters the on/off period when it switches between charging modes.

20.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

21.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22.    Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees,

attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 7,657,386 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated:  August 10, 2017                    Respectfully submitted,


                                           */s/Jay Johnson*
                                           **JAY JOHNSON**
                                           State Bar No. 24067322
                                           **D. BRADLEY KIZZIA**
                                           State Bar No. 11547550
                                           **KIZZIA JOHNSON, PLLC**
                                           1910 Pacific Ave., Suite 13000
                                           Dallas, Texas 75201
                                           (214) 451-0164
                                           Fax: (214) 451-0165
                                           jay@kjpllc.com
                                           bkizzia@kjpllc.com

                                           **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A